UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE H. LAYMAN, by next friend MARK MARVIN,<br><br>                                              Petitioner,<br><br>                    -against-<br><br>SHERIFF, ORANGE COUNTY JAIL,<br><br>                                              Respondent. | 21-CV-10907 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Mark Marvin brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 on behalf of Nicole Layman, who is currently detained at the Orange County Jail awaiting sentencing. The Court dismisses the petition without prejudice for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). A *pro se* litigant is nevertheless not exempt "from

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

According to public records of the New York State Unified Court System, on December 10, 2021, Nicole Layman pleaded guilty in County Court, Orange County, to manslaughter in the second degree, in satisfaction of all charges brought against her in case number 00062-2020. Her sentencing is currently scheduled for February 28, 2022.

Mark Marvin brings this petition for a writ of *habeas corpus* under section 2254 on behalf of Layman, who has not signed the petition. Marvin does not indicate that he is an attorney. Marvin argues that Layman's guilty plea was coerced; that the indictment was defective; that Layman's right to a speedy trial was violated; that she was not criminally liable for the death, due to a medical issue, of the fetus; and that the defense attorney provided ineffective assistance of counsel. He states that Layman told him that she was coerced to plead guilty and asked him to bring a petition in federal court. Marvin further indicates that he believes that Layman has waived any right to file a direct appeal.

## DISCUSSION

A petition for a writ of *habeas corpus* can, in certain circumstances, be brought by a "next friend" on behalf of another person who is in custody. 28 U.S.C. § 2242. The next friend does not become a party to the *habeas corpus* action "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. When someone other than the petitioner files a petition, the "next friend" must first demonstrate that he or she has standing to act on the person's behalf:

> First a 'next friend' must provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf she seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

*Id.* at 163-64 (citations omitted). "The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Here, even if the Court assumes that Marvin has a significant relationship with Layman and seeks to act in her best interest, Marvin has not offered any explanation why Layman is incapable of asserting her own rights. Moreover, it appears that Layman is represented by counsel in the criminal proceedings, which remain pending. Accordingly, because the petition does not set forth any adequate reason for the need to resort to the "next friend" device, Marvin lacks standing to bring this petition on behalf of Layman.[1]

## CONCLUSION

The Court dismisses without prejudice for lack of standing Mark Marvin's petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, which he sought to bring on behalf of Nicole Layman.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken

---

[1] This section 2254 petition also appears to be premature because Layman has not yet been sentenced or exhausted her state court remedies by seeking review, either on direct appeal or in a collateral proceeding. *See O'Sullivan v. Boerckel*, 526 U.S. 838, (1999) (holding that state courts must be given the first opportunity to review constitutional challenge to petitioner's confinement).

3

in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

    The Clerk of Court is directed to mail a copy of this order to both Nicole Layman and Mark Marvin, and note service on the docket.

    SO ORDERED.

Dated:    January 14, 2022
           New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge