UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE LAYMAN, by Mark Marvin,

                Petitioner,

-against-

SHERIFF, ORANGE COUNTY, NY,

                Respondent.

21-CV-10907 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Mark Marvin filed this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, seeking to act as a non-attorney on behalf of Nicole Layman. Layman pleaded guilty on December 10, 2021, to certain charges against her in Case # 00062-2020 in the Orange County Court. She is currently detained at Orange County Jail awaiting sentencing, which is scheduled for February 28, 2022.

      On January 14, 2022, the Court dismissed the petition without prejudice, on the ground that Marvin failed to show that he had standing to bring the petition on Layman's behalf. On February 1, 2022, Plaintiff filed a "motion to vacate order of dismissal" challenging the January 14, 2022 dismissal order. (ECF 8.) The Court liberally construes this submission as a motion to alter or amend the judgment, under Rule 59 (e) of the Federal Rules of Civil Procedure, and a motion for reconsideration, under Local Civil Rule 6.3, and, in the alternative, as a motion for relief from a judgment or order, under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). After reviewing the arguments in the submission, the Court denies the motions.

## DISCUSSION

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Marvin argues that Layman "is 'unlettered' in law and [she] considers Marvin to be her 'best friend.'" (ECF 8 at 1.) He argues that Layman's defense attorney "is simply acting as *amicus curaie*," is ineffective, and persuaded Layman to plead guilty even though Layman is not. (*Id.*) These contentions do not show that the Court overlooked any controlling decisions or factual matters, and Marvin's arguments are insufficient to meet his burden of demonstrating that he should be permitted to proceed as a non-attorney on Layman's behalf. *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) ("The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court.") (citation omitted). Marvin's motion, under Rule 59(e) and Local Civil Rule 6.3, is therefore denied.

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Marvin's arguments and, even under a liberal interpretation of his motion, he has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Marvin seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Marvin has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Marvin's motion for reconsideration (ECF 8) of the January 14, 2022 order of dismissal is denied.

The Clerk of Court is directed to mail a copy of this order to Mark Marvin and Nicole Layman and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 7, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge