UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE LAYMAN, by Mark Marvin,

                      Petitioner,

      -against-

SHERIFF, ORANGE COUNTY, NY,

                      Respondent.

21-CV-10907 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Mark Marvin, who is not an attorney, filed this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, seeking to act on behalf of Nicole Layman in connection with charges then pending against her in Orange County Court. On January 14, 2022, the Court dismissed the petition without prejudice, on the ground that Marvin failed to show that he had standing to bring the petition on Layman's behalf.

Marvin has moved twice for reconsideration of the order of dismissal. On February 1, 2022, Marvin filed a "motion to vacate order of dismissal" challenging the January 14, 2022 dismissal order, and the Court denied that motion. Marvin now moves again for reconsideration of the January 14, 2022 order of dismissal. (ECF 10.) He also suggests that the Court should recuse itself from consideration of his applications. For the reasons set forth below, the Court denies the motions for recusal and for reconsideration of the order dismissing the petition.

## DISCUSSION

**A.    Recusal**

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its

appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). Moreover, because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse [her]self when it is not called for as [s]he is obligated to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

Here, Marvin writes that the undersigned "appears to be acting as attorney for the respondent(s), suggesting recusal" is warranted. (ECF 10 at 1.) This is based on Marvin's argument that denial of his petition on behalf of Layman denies "her assistance of counsel at a critical stage in her criminal proceedings when it is most necessary, making her situation presumptively unfair."[1] (*Id.*) Marvin thus seeks reconsideration based on the Court's rulings in

---

[1] The Court notes that Layman had appointed counsel in her pending criminal proceedings, though Marvin argues in the petition that Layman's counsel was "a bully" and was ineffective. (ECF 1 at 10.)

2

the matter before it. Because a judicial ruling is not a valid basis for a bias motion, *Liteky*, 510 U.S. at 555, except in rare circumstances not present here, the Court denies the motion for recusal.

**B.      Reconsideration**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Marvin's arguments, and even under a liberal interpretation of his motion, he has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Marvin seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Marvin has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Marvin's motions for recusal and for reconsideration (ECF 10) of the January 14, 2022 order of dismissal is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 8, 2022
         New York, New York

/s/ Laura Taylor Swain<br>LAURA TAYLOR SWAIN<br>Chief United States District Judge